*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion for Remand and for Award of Costs Incurred

This matter is before us on Plaintiffs Dimitris O. Couscouris ("Mr. Couscouris") and Magdalena Couscouris's (collectively, "Plaintiffs") Motion for Remand and for Award of Costs Incurred ("Motion"). We have considered the arguments in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.  Background**

On December 22, 2011, Plaintiffs filed this action in state court against nine defendants seeking damages resulting from Mr. Couscouris's mesothelioma, which they allege was caused by his exposure to asbestos. The Complaint asserts three claims under state law: (1) negligence, (2) strict liability, and (3) loss of consortium.

On May 22, 2012, Defendant Lorillard Tobacco Company ("Lorillard") removed this action asserting that we have jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Lorillard's Notice of Removal ("NOR") contends that we have diversity jurisdiction despite the fact that the Complaint names two California citizens – Defendants Yeager Enterprises Corporation doing business as Pacific Abrasive Supply Company ("Yeager") and Metalclad Insulation Corporation ("Metalclad" and, collectively with Yeager, "California Defendants") – because the California Defendants were fraudulently joined and thus their citizenship should be disregarded for purposes of assessing diversity jurisdiction.[1] *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001).

---

[1] At the time of removal, five Defendants remained in this action: Lorillard, Hollingsworth & Vose Company ("H&V"), Saint Gobain Abrasives, Inc. ("Saint Gobain"), Yeager, and Metalclad. Lorillard, H&V, and Saint Gobain (collectively, "Diverse Defendants") are all citizens of states other than California and are thus diverse from Plaintiffs, who are California citizens. H&V and Saint Gobain have consented to the removal of this case. (NOR ¶ 25). Because Lorillard contends that Yeager and Metalclad were fraudulently joined, it was not required to obtain their consent to effect the removal. *See*

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |

Additionally, Lorillard asserts that § 1332's $75,000 amount-in-controversy requirement is satisfied because Plaintiffs stated in their interrogatory responses, "It is believed that the evidence will support a verdict for damages in the amount of $6,000,000 to $12,000,000." (NOR ¶ 30).

Lorillard contends that the California Defendants were fraudulently joined because during Mr. Couscouris's deposition on April 3, 2012, he could not identify any Yeager or Metalclad products to which he had ever been exposed. (NOR ¶¶ 5, 12). Additionally, Lorillard states that Yeager and Metalclad filed motions for summary judgment in state court, on May 10, 2012, and May 21, 2012, respectively, contending that Plaintiffs have no evidence to support their claims that the California Defendants were responsible for Mr. Couscouris's exposure to asbestos. *See McGonnell v. Kaiser Gypsum Co., Inc.*, 98 Cal. App. 4th 1098, 1105 (2002) (holding that evidence that merely establishes that it is "within the realm of possibility" that plaintiff was exposed to defendants' asbestos-containing product was insufficient to avoid dismissal on summary judgment). Further, Lorillard has provided the declaration of Yeager's counsel, Mr. Vernon Phillip Hill IV, who states that Plaintiffs' counsel, Mr. Mark D. Bratt, told him that (1) the only reason Yeager was named in this case was for jurisdictional purposes, (2) Plaintiffs would withdraw all offensive discovery aimed at Yeager, and (3) Plaintiffs planned to file only a "light opposition" to any summary judgment motion that Yeager filed.[2] (Hill Decl. ¶ 6, Dkt. No. 1-5). Lorillard argues that "[t]aking the two sets of summary judgment papers together, along with Couscouris's counsel's admission to Yeager's counsel, it is obvious that they were named only as a means of denying the diverse defendants, including Lorillard, their right to have the case heard in federal court." (NOR ¶ 16).

Lorillard contends that its removal of this action was timely because it was not provided with the signature page certifying to the truth of Mr. Couscouris's deposition testimony until May 3, 2012, and it removed the action nineteen days later, on May 22, 2012. (Opp'n 5); *see also* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Plaintiffs now move to remand arguing that the California Defendants were not fraudulently joined and thus diversity jurisdiction does not exist.

## II.   Legal Standard

Generally, a state civil action is removable to federal court only if it could have been brought originally in federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citing 28 U.S.C. § 1441). On removal, the removing defendant bears the burden of proving the existence of jurisdictional facts. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong

---

*United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

   [2] In support of their Motion, Plaintiffs have provided the declaration of Mr. Bratt, who denies these statements. (*See* Bratt Decl. ¶ 5, Dkt. No. 12-3).

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |

presumption" against removal jurisdiction. *Id.* Because courts must "strictly construe the removal statute against removal jurisdiction . . . [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). A non-diverse defendant is fraudulently joined and its citizenship is disregarded "[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (quotation marks omitted). "In order to establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 994 (D. Nev. 2005) (citing *Gray v. Beverly Enterprises-Mississippi,* 390 F.3d 400, 411-12 (5th Cir. 2004)). Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (quotation marks omitted); *accord Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." (citing *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007))).

In determining whether a defendant was fraudulently joined, we must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (quotation marks omitted). The burden of proving fraudulent joinder has been described as a "heavy" one. *Id.* Indeed, "it must appear to 'a near certainty' that joinder was fraudulent." *Diaz*, 185 F.R.D. at 586.

**III.   Discussion**

Facially, Plaintiffs' Complaint states a claim against Metalclad. Indeed, Metalclad did not file a demurrer to Plaintiff's Complaint in state court (presumably because it thought Plaintiffs' allegations were sufficient to state a claim[3]) and thus Plaintiffs' claims against Metalclad proceeded to discovery.

---

[3] Insofar as Lorillard's Opposition purports to argue that the "boilerplate" allegations in the Complaint are insufficient to state a claim against Metalclad, (Opp'n 10), we note that this position is inconsistent with Lorillard's assertion in the NOR that "Lorillard was unable to ascertain removability from the face of the Complaint, which purports to assert a cause of action against potentially non-diverse defendants." (NOR 10). Moreover, if it was clear from the face of the Complaint that Plaintiffs could not state a claim against Metalclad, then Lorillard's removal of this action was clearly untimely under § 1446(b)(3). Because Plaintiffs have also challenged the timeliness of Lorillard's removal, (Mot. 15),

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS - 6

| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |

Thus, to sustain its burden on removal, Lorillard must carry a heavy burden to show that despite the allegations of the Complaint, there is no possibility that Plaintiffs can prevail against Metalclad.

Lorillard's argument that Yeager and Metalclad were fraudulently joined rests on three assertions: (1) that Plaintiffs have no evidence that Yeager or Metalclad were responsible for Mr. Couscouris's asbestos exposure; (2) that "Plaintiffs had no intention of prosecuting the case against non-diverse defendants"[4]; and (3) that "Plaintiffs . . . abandon[ed] efforts to obtain evidence to support their claims through discovery from [Yeager, Metalclad,] or third parties." (NOR ¶ 29). In their Motion, Plaintiffs do not point to any evidence to support their claims against Yeager and Metalclad. Nonetheless, they argue that Lorillard cannot satisfy its "heavy" burden of proving that there is no possibility that Plaintiffs will be able to establish a claim at least as against Metalclad because Lorillard has provided no evidence that Plaintiffs have abandoned their efforts to obtain discovery from Metalclad. As discussed below, we agree.

Plaintiffs state that they have actively sought discovery from Metalclad. They state that "on February 24, 2012, [they] propounded Standard Interrogatories to . . . Metalclad." (Mot. 13). They also state that "[o]n May 2, 2012, [they] propounded various forms of case-specific discovery, including Special Interrogatories, Requests for Production, Requests for Admission, and Form Interrogatories. These discovery tools attempted to determine[,] *inter alia*, what equipment and services Metalclad used and performed or provided at any of Mr. Couscouris'[s] work sites." (David Decl. ¶ 11, Dkt. No. 12-1). Plaintiffs further explain that before this case was removed, "Metalclad's responses were due on June 2, 2012," (Mot. 13), and that they could have opposed Metalclad's motion for summary judgment with these discovery responses. Finally, Plaintiffs state that the state court set a fact discovery deadline of June 25, 2012, and thus there was still ample time for Plaintiffs to depose "Metalclad's persons most qualified and its custodian of records . . . in properly opposing Metalclad's motion for summary judgment." (Mot. 14).

In light of the foregoing, we reject Defendant's assertions that Plaintiffs had no intention of prosecuting this case against Metalclad and that Plaintiffs abandoned their efforts to obtain discovery from Metalclad. Moreover, because Lorillard removed this case before Metalclad's responses to

---

we would be justified in remanding this action for untimeliness should Lorillard persist in this inconsistent position.

[4] In making this assertion, Lorillard purports to characterize Mr. Bratt's alleged statements, made to Yeager's counsel, that the only reason Yeager was in the case was for jurisdictional purposes and that Plaintiffs would withdraw all offensive discovery aimed at Yeager as being equally applicable to Metalclad. However, we have independently reviewed Mr. Hill's declaration, wherein it is alleged that Mr. Bratt made these statements, and note that none of the alleged statements makes any representations regarding Plaintiffs' intentions of pursuing this action against Metalclad. Accordingly, Lorillard has supplied no evidence to show that Plaintiffs had no intention of prosecuting this case against Metalclad.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |

Plaintiffs discovery requests were due, we cannot conclude that there is no possibility that Plaintiffs will prevail on the merits of their claims against Metalclad, even though Plaintiffs are unable to identify any evidence to support their claims against Metalclad at this time. *See Rivers v. Int'l Mates Tank Terminal*, 864 F. Supp. 556, 560 (E.D. La. 1994) ("Defendants argue that because Mrs. Rivers stated in her deposition that she personally knew of nothing that Coleman or deBuys did to cause her husband's illness, there is no evidence that supports plaintiff's intentional tort claims against these defendants, and thus the in-state defendants were fraudulently joined. The Court disagrees. . . . [O]ne must note that discovery was not and is not yet complete. . . . This Court simply cannot conclude on the basis of Mrs. Rivers' deposition that plaintiff has no possibility of establishing a cause of action for an intentional tort against the in-state defendants."). Indeed, we cannot rule out the possibility that through their already-propounded discovery requests, Plaintiffs will obtain evidence to support their claims against Metalclad. Accordingly, Defendants have failed to meet their heavy burden of demonstrating that joinder of Metalclad was fraudulent.

In opposition to Plaintiffs' Motion, Lorillard argues that Plaintiffs' claimed need for additional discovery cannot justify remand, relying on a number of fraudulent joinder cases – including decisions issued by this Court – that have rejected requests for additional discovery when the plaintiffs' factual allegations were insufficient to state a claim for relief against a forum defendant. *See, e.g.*, *Higley v. Cessna Aircraft Co.*, No. CV 10-3345-GHK (FMOx), 2010 WL 3184516, at *3 (C.D. Cal. July 21, 2010) ("[T]he propriety of removal is determined at the time of removal – not according to the factual allegations stated at a later date, and our finding of fraudulent joinder with respect to Plaintiffs' current Motion does *not* include consideration of whether, with further discovery, the plaintiff may uncover a factual basis for its claims." (quotation marks omitted)). However, these cases are easily distinguishable from the present action because they were removed from state court at the pleadings stage, rather than during discovery, as is the case here. For example, at the time of removal in *Higley*, none of the defendants had answered the complaint and the removing defendants argued that the plaintiffs' allegations were insufficient to state a claim against the forum defendant. Because the plaintiffs' allegations against the forum defendant were facially insufficient, and the plaintiffs had identified no other facts that could be asserted to state a claim, we denied their request for discovery. *Id.* This decision was supported by and consistent with the general notion that under the Federal Rules of Civil Procedure, a plaintiff cannot "unlock the doors of discovery . . . armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009). In sum, we denied the plaintiffs request for discovery to cure an insufficient complaint.

By contrast, at the time of removal here, the Complaint remained unchallenged as to its sufficiency to state a claim against Metalclad, and discovery against Metalclad was ongoing. Thus, Plaintiffs are not requesting that they be permitted to conduct further discovery to cure an insufficient complaint, as was the case in *Higley*, but instead are requesting that they be permitted to obtain discovery to support their well-pled claims against Metalclad. On this record, the removal was improper. Inasmuch as the figurative doors of discovery were unlocked with respect to Plaintiffs' claims against Metalclad, and such discovery is ongoing, Lorillard cannot now short circuit discovery merely because no evidence of Metalclad's liability has been discovered to date. Lorillard has provided

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |

no authority to support the curious proposition that it can now prematurely lock the doors of discovery by removing this action to federal court before Plaintiffs have obtained evidence to support their claims and before Plaintiffs have received responses to their already-propounded discovery requests. It is true, as Lorillard asserts, that we determine the propriety of removal at the time of removal, and that at the time of removal here Plaintiffs can point to no evidence to support their claims against Metalclad. However, in determining the propriety of removal at this time we must also take into account that Plaintiffs, through their well-pled claims, have obtained the right to seek discovery from Metalclad and such discovery is ongoing.

In sum, in *Higley*, because the plaintiffs had not unlocked the doors of discovery, we stated that "our finding of fraudulently joinder with respect to Plaintiffs' current Motion does *not* include consideration of whether, with further discovery, the plaintiff may uncover a factual basis for its claims." 2010 WL 3184516, at *3. By contrast, here, because Plaintiffs *have* unlocked the doors of discovery, our determination of whether Metalclad was fraudulently joined *must* include consideration of whether, with further discovery, Plaintiffs may uncover evidence to support their claims. Accordingly, we reject Lorillard's contention that Plaintiffs may not use the prospect of further discovery to defeat Lorillard's assertion of fraudulent joinder in this context.

**V.    Conclusion**

In light of the foregoing, Lorillard has not met its burden of demonstrating that Plaintiffs have no possibility of prevailing on the merits of their claims against Metalclad, and thus Lorillard has not demonstrated that Metalclad was fraudulently joined.[5] Accordingly, we do not have subject matter jurisdiction over this action under 28 U.S.C. § 1332. Plaintiffs' Motion is **GRANTED**.[6] This case is **hereby REMANDED** to the state court from which it was removed. Plaintiffs' request for attorney's fees, costs, and Rule 11 sanctions is **DENIED**.

**IT IS SO ORDERED.**

|  | --- : --- |
|---|---|
| Initials of Deputy Clerk | ljw for Bea |

---

[5] Because Lorillard has not demonstrated that Metalclad was fraudulently joined, we need not determine whether joinder of Yeager was fraudulent. *See Knutson*, 358 F. Supp. 2d at 994 ("[A] plaintiff need only have one potentially valid claim against a non-diverse defendant.").

[6] Additionally, because we conclude that Lorillard did not have a sufficient basis upon which to remove this action, we decline to decide whether Lorillard's removal was timely insofar as Lorillard asserts that the date it was provided with the signature page of Mr. Couscouris's deposition, rather than the actual date of Mr. Couscouris's deposition, was the date "from which it . . . first . . . ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS - 6

| Case No. | CV 12-4464-GHK (AGRx) | Date | June 14, 2012 |
|---|---|---|---|
| Title | *Dimitris O. Couscouris, et al. v. Hatch Grinding Wheels, Inc., et al.* | | |